WALLACE, JUDGE:
The claimants, who are husband and wife, own two real estate lots on Diamond Street, Moundsville, West Virginia. By a June 24, 1975 letter, the claimants were informed that the Department of Finance and Administration intended to lease a building to be constructed on these lots from the claimants. The letter stated that the lease would be for a term of “approximately ten years.” At $600.00 per month, the claimants obtained a loan for $42,000.00, with interest at 9% per annum payable for ten years, to construct the building. The Department of Welfare occupied the building from February 1, *337 1976 to February 28, 1982. The Department of Welfare, by letter dated January 27, 1982, exercised its option to cancel the lease on 30 days’ notice. The claimants allege that the doctrine of equitable estoppel should be applied to prevent the respondents from cancelling the lease. Claimants allege that they have sustained damages of $28,200.00 because of the cancellation.
Mr. Lewis testified that he had been told by some State employee not to be concerned about the cancellation provision, because “ ‘the State of West Virginia has never cancelled a lease.’ ” This statement and the statement in the June 24, 1975 letter were taken in good faith by Mr. Lewis to mean that the lease would not be cancelled before the end of the ten-year period. He was, however, aware of the terms of the cancellation provision contained in the lease agreement.
The evidence indicates that a contract to lease a building was entered into between the claimant and the respondent Department of Finance and Administration. The lease contained a cancellation provision which was clear on its face. The parties to the agreement were aware of the terms of this provision. The respondent Department of Finance and Administration cancelled the lease with the required 30 days’ notice. The Court must therefore find that the terms of the contract were controlling and deny the claim.
Claim disallowed.